STODDARD ET AL. V. SLOAN ET AL.

65 680
89 664
65 680
103 345
65 680
116 455
65 680
122 41
65 680
125 532

1. **Tax Sale and Deed:** NOTICE TO REDEEM: POSSESSION: FACTS NOT AMOUNTING TO. A person cannot be said to have possession of land, so as to be entitled to notice to redeem from a tax sale, who has only plowed two furrows on the land to see how it would plow.

2. ———: ———: USE OF INITIALS FOR GIVEN NAME. A published notice to redeem from a tax sale is not invalidated because only the initial letters of the given name of the person to whom the notice is addressed are used.

3. ———: ———: DESCRIPTION OF LAND: JUDICIAL NOTICE OF TOWNSHIP · AND RANGE. A notice to redeem from a tax sale which described the land as being the southeast quarter of section 5, township 89, range 47, in Woodbury county and state of Iowa, sufficiently described the land as to township and range, since the court will take judicial notice that there is only one township in that county answering to the description

4. ———: ———: AFFIDAVIT OF PUBLICATION: SUFFICIENCY: TIME OF PUBLICATION. The statute requires only three publications of a notice to redeem from a tax sale, and it is sufficiently complied with if the first publication is made after the lapse of two years and nine months from the day of sale, and the service is completed ninety days before the execution of the deed. The affidavit of publication in this case, accordingly, *held* sufficient.

5. ———: ———: ———: RESIDENCE OF PERSON NOTIFIED. The affidavit of publication in such case need not state that the person notified is a non-resident of the county, nor other facts necessary to justify service by publication.

6. ———: ———: ———: SUFFICIENCY OF JURAT. Where the affidavit of publication in such a case purported to be made by S., and his name was not only subscribed to it, but written in the body of it, and he states therein that he was sworn, and the jurat states that it was sworn to and subscribed before the notary whose name is attached, *held* sufficient to show that it was S. who was sworn, though his name does not appear in the jurat.

7. **Notary Public:** JUDICIAL NOTICE OF JURISDICTION: OFFICIAL SIGNATURE. Where an affidavit purported to be made in the county of W., and the jurat was signed by one who added the words "notary public" to his name, and affixed his notarial seal, though he did not state for what county he was notary public, *held* that it was sufficient, because the court will take judicial notice that he was a notary of the county of W. But in the case of acknowledgments the rule is different. See *Willard v. Cramer*, 36 Iowa, 22.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, APRIL 8.

ACTION to set aside a tax deed. There was a decree for the defendants. The plaintiffs appeal.

*Fogg, Long & Neal* and *Geo. M. Pardoe*, for appellant.

*Geo. W. Wakefield*, for appellee.

ADAMS, J.—I. The notice of the expiration of the time for redemption was given only by publication. It is insisted that the notice is insufficient for the reason that the plaintiff, Helen E. Sloan, and her husband, J. B. Sloan, were at the time of the giving of the notice in possession. The tax sale in question took place on the eighth day of January, 1877. The evidence relied upon as showing that the plaintiff and her husband were in possession at such time that they became entitled to notice, is the testimony of the husband, and is in these words: "I plowed a little on there in the fall of 1879, out of curiosity, to see how the land would plow. I plowed two furrows. I drove down and back on one end." The witness does not appear to have had any ownership of the land, nor instructions from the owner to enter upon it for any purpose. So far as the case is concerned, he must be regarded as a stranger to the land. Such a person, plowing two furrows without authority, and with no view to cultivation or any other useful purpose, could hardly be deemed to be in possession of the land at any time, and certainly not longer than he was actually upon it. In our opinion, then, neither the plaintiff nor her husband was entitled to notice, and if due notice was served upon the person in whose name the land was taxed, and notice was filed, with due proof of service, it appears to us that that was sufficient.

II. The plaintiffs insist, however, that even such notice was

1. TAX sale and deed: notice to redeem: possession: facts not amounting to.

not given, and if it was, that there is no proper evidence of it. We have, then, to consider the published notice, and the affidavit of publication. It is conceded that the land was taxed in the name of Jeff. C. Cleveland. The notice published is in the following words:

"*To J. C. Cleveland and Unknown Owners*: You are hereby notified that on the eighth day of January, 1877, the following described piece of real estate, situated in the county of Woodbury and state of Iowa: the southeast quarter of section five, township 89, range 47,—was sold at tax sale by the treasurer of said county to Geo. W. Wakefield, and was assigned and transferred by him to Thos. J. Stone, who is now the lawful holder of the certificate of purchase thereof; that the right of redemption will expire and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service of this notice.

"*Dated this second day of January*, 1880.

[Signed]                                    "Thos. J. Stone."

The first objection urged to the sufficiency of this notice is that in running to J. C. Cleveland it cannot be deemed to run to Jeff. C. Cleveland. In all legal papers it is doubtless better that the given name of a person, as well as the patronymic or surname, should, if single, be written in full, and if not single, that one given name should be written in full. But the practice of writing only the initial letters of given names instead of the names has become so common, that we should not, we think, be justified in holding that the practice is not allowable. *Ferguson v. Smith*, 10 Kan., 396.

2. —:—. use of initials for given name.

Another objection urged is that the description of the land is insufficient, in that the township and range are not sufficiently described. But the court would be justified in taking judicial notice that there is in Woodbury county only one township of the given description. In our opinion the description is sufficient.

3. —:—. description of land: judicial notice of township and range.

We come next to consider the sufficiency of the affidavit of publication. A copy of the affidavit is set out in the abstract, and is shown to be in these words:

"*State of Iowa, Woodbury County:* I, Thomas J. Stone, being first duly sworn, say—I am the lawful holder of the certificate of purchase described in the foregoing notice; that I served the same on the said J. C. Cleveland, and unknown owners of the land therein described, by causing said notice to be published three times in the Sioux City *Weekly Journal,* a newspaper printed and published at Sioux City, in the county of Woodbury in the state of Iowa, and issued weekly; the first publication thereof being the twenty-ninth day of January, 1880.

[Signed] "Thos. J. Stone.

" Subscribed in my presence and sworn to before me this tenth day of·March, 1880.

" C. B. Steadman,

[Seal.] "Notary Public."

It is contended by the plaintiff that the affidavit does not show when the notice was published. It is not denied that it shows the date of the first publication. It is expressly stated that that was on the twenty-ninth day of January. Two others must have been made between that time and the tenth day of March following, for the affidavit was made upon that day, and shows that there were three publications. The statute requires only three publications, and, so far as the time is concerned, it is sufficient if the first was made after the lapse of two years and nine months from the time of sale, and the service was completed ninety days before the execution of the deed. The plaintiff relies upon *Ellsworth v. Cordrey,* 63 Iowa, 675, (S. C. *ante,* p. 303;) but in that case it does not appear that the affidavit showed when the publication commenced.

Another objection urged is that the affidavit does not show that Cleveland, at the time of the publication, was a non-

5. ——: ——: resident of Woodbury county. As to this we
——: resi-  have to say that the statute does not require that
dence of per-
son notified. the affidavit shall show the facts necessary to
justify service by publication. The provision is that it must
show the service and the mode thereof. If the facts were
such that the mode of service was not justifiable, the deed
can be impeached. But it is made presumptive evidence of
its own validity, so far as the point in question is concerned,
and the party assailing the deed has the burden of showing
the impeaching facts.

Another objection urged is that the jurat does not show
that the person sworn was the certificate-holder, Stone, the
6. ——: ——: person who subscribed the affidavit. It is true
——: suffi-  that Stone's name does not appear in the jurat.
ciency of
jurat. But the affidavit purports to be made by Stone.
His name is not only subscribed to it, but is written in the
body, and he states that he was sworn. The jurat written
underneath is to be construed with what precedes, and the
whole, when taken together, we think, shows that Stone was
the person sworn. We do not say that in a criminal action
against a person for swearing falsely the affidavit and jurat
would alone be sufficient to show that the alleged oath was
taken. Possibly they would not. Indeed, in such action it
may be that the affidavit and jurat, whatever their form might
be, would be insufficient to prove that the alleged oath was
taken. It was held in *Case v. People*, 76 N. Y., 242, that the
taking of the oath must be proved independently of the jurat.
But the present action is a civil one. It is not denied, as we
understand, that the affidavit and jurat would be presumptive
evidence of what they purport to show, if the jurat expressly
stated that the affidavit was subscribed and sworn to by
Thomas J. Stone. The question to be determined is whether
the jurat, notwithstanding Stone's name is not expressly in
it, really shows the same thing. It shows that the affidavit
is subscribed and sworn to. Now, the affidavit purports to
be Stone's, and no one's else. A writing is not *subscribed*,

unless it is signed by the person whose obligation or other paper it purports to be. If some other person than Stone, and without any authority from him, had signed Stone's name, the affidavit could not properly be said to be subscribed at all. The jurat, then, must be taken to mean that the affidavit was subscribed by Thomas J. Stone. Now, the affidavit shown to be subscribed by Stone purports to be his statement made by him in the first person, and under oath. Such an affidavit could not, we think, in any proper sense, be said to be sworn to by a person other than Stone. We have to say, then, that we do not think that the objection is well taken.

We come now to another objection urged by the plaintiff, and that is that while the affidavit purports to be made in Woodbury county, the notary, Steadman, does not subscribe his name as a notary public of that county. It may be conceded that Steadman could not perform an act as notary public except in the county for which he was appointed; and that a court, in order to receive the affidavit as evidence, unaided by extrinsic evidence, would be obliged to take judicial notice, not only of the fact that Steadman is a notary public, but a notary public for Woodbury county, Iowa. It is to be observed that his seal was attached to the jurat. What precisely his seal was, is not shown; but we may assume, in support of the ruling below, that it was the proper seal as prescribed by statute for a notary public of Iowa. It is well settled that courts take notice of these seals of notaries public. *Yeaton v. Fry*, 5 Cranch, 535; *Chanoine v. Fowler*, 3 Wend., 173; *Porter v. Judson*, 1 Gray, 175. Steadman's seal, if it was what we may assume it was, purported to show that he was a notary public of Iowa, and we may, we think, take notice that he was such in fact. Can we go futher, and take notice that he was a notary public for Woodbury county? It appears to us that we can. His appointment for a particular county was necessarily involved in the appointment itself.

7. NOTARY public: judicial notice of jurisdiction: official signature.

The same public record which shows his appointment must show for what county he was appointed.

It is probably true that we would not take notice of any act of Steadman's that did not purport to be done by him in his official capacity. Now, the objection urged, as we under-derstand, is that the act in question does not properly purport to be an official act; for, while Steadman subscribed himself as notary public, his true office, if he was competent to admister the oath, as claimed, was that of notary public for Woodbury county. So it is said that he did not, in a proper sense, attach his official designation. But to hold the doctrine contended for would be to make a very technical ruling, and we are unwilling to go that far, and especially as the effect might be to upset a great many and very important interests. In saying this, we do not forget that this court held, in *Willard v. Cramer*, 36 Iowa, 22, that a notary's certificate *of acknowledgment* was insufficient where the county for which the notary was appointed was not appended in connection with the words "notary public;" the ruling being that the name of the county was part of his official style or title. The ruling was based upon section 2227 of the Revision, identical with section 1958 of the Code. That section provides that the certificate shall show the title of the person before whom the acknowledgment is taken. It may be conceded that a notary's full title is not expressed by the words "notary public." The statute, the court thought, called for an expression of the full title. But there is no such provision of statute in reference to a jurat. We think that the inference is that it was not deemed necessary. It appears to us, therefore, that the plaintiff's objection cannot be sustained.

Having discovered no error, the judgment must be

                                             AFFIRMED.