SCHENECTADY CONTRACTING CO. v. SCHENECTADY RY. CO. et al.

(Supreme Court, Appellate Division, Third Department.  June 29, 1905.)

1. APPEAL—ORDER SUSTAINING DEMURRER.
> An order sustaining a demurrer is not appealable.

2. MECHANICS' LIENS—NOTICE—VERIFICATION.
> A notice of mechanic's lien which is not verified as required by Laws 1897, p. 518, c. 418, § 9, subd. 7, but instead bears a certificate of acknowledgment, is insufficient.

3. SAME—PLEADING—RIGHT TO PERSONAL JUDGMENT.
> Code Civ. Proc. § 3412, relative to the enforcement of mechanics' liens, provides that, if the lienor shall fail to establish a valid lien, he may recover judgment for such sums as are due him, or which he might recover in an action on a contract against any party to the action.  Section 1207 declares that where no answer is interposed the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Section 488 provides that a defendant may demur when the complaint does not state a cause of action.  The complaint in an action to enforce a mechanic's lien stated facts which were insufficient to sustain an action for foreclosure of a lien, but which were sufficient to justify a personal judgment, and prayed that plaintiff might have such further judgment as might be necessary to protect its rights, but did not in terms ask for a personal judgment.  The defendant demurred.  *Held* that, notwithstanding the absence of any prayer for personal judgment, the complaint stated a cause of action for such a judgment as against a demurrer on the ground that no cause of action was stated.

Appeal from Special Term, Schenectady County.

Action by the Schenectady Contracting Company against the Schenectady Railway Company and another. . From a judgment for defendants, plaintiff appeals.   Reversed.

Appeal by the plaintiff from an order of the Schenectady Special Term dated November 12, 1904, and entered in the office of the clerk of said county on that day, sustaining the demurrer of the defendant Gest, to the plaintiff's complaint, and also from an interlocutory judgment dated November 18, 1904, and entered in the office of the clerk of said county on that day, sustaining said demurrer.  The action is brought to foreclose an alleged mechanic's lien filed by the plaintiff, as a subcontractor, against the defendant Schenectady Railway Company, the owner of the property upon which materials were furnished and labor performed, and against the defendant Guy M. Gest, the contractor.  The notice of lien was not verified.  In place of the verification, the plaintiff attached a certificate of acknowledgment.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Everett Smith (John D. Miller, of counsel), for appellant.

Harriman & Fessenden (James D. Fessenden, of counsel), for Guy M. Gest, respondent.

CHASE, J.  The appeal from the order should be dismissed. Rowe v. Rowe (Sup.) 92 N. Y. Supp. 491.

The statute (section 9, subd. 7, c. 418, p. 518, of the Laws of 1897) requires that the notice of lien must be verified by the lienor, or his agent, to the effect that the statements therein contained are true, to his knowledge, except as to the matters therein stated to be alleged on information and belief, and that, as to those matters, he

believes it to be true. The notice of mechanic's lien must substantially comply with the statute which authorizes the lien. Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113. The notice of lien filed by the plaintiff does not substantially comply with the statute, and it is consequently insufficient to create a lien.

The ground of the respondent's demurrer to the plaintiff's complaint is "that the said complaint does not contain facts sufficient to constitute a cause of action." Although the facts stated in the complaint are insufficient to sustain an action for the foreclosure of a mechanic's lien, yet the facts as therein stated are sufficient to sustain a common-law action by the plaintiff against the respondent for labor performed and materials furnished pursuant to a contract between them. Section 3412 of the Code of Civil Procedure, relating to the enforcement of mechanics' liens, provides:

"If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract against any party to the action."

The Court of Appeals, in Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080, has, in effect, held that when it is determined that a notice is ineffectual to establish a mechanic's lien the plaintiff may nevertheless recover a personal judgment under his claim for a deficiency. Ryan v. Train, 95 App. Div. 73, 88 N. Y. Supp. 441. Respondent substantially conceded that the facts alleged in the complaint are sufficient to sustain a personal judgment against him if a personal judgment had been asked in the demand for judgment. The plaintiff, in its demand for judgment, asks for the establishment of the lien, the foreclosure thereof, the sale of the premises described therein, and the application of the proceeds of sale to the payment of the lien and interest, together with the expenses of the sale and the costs of the action. It further asks:

"(4) That plaintiff have judgment against the defendant Guy M. Gest for any deficiency that may remain due it after such sale. (5) That plaintiff may have such further judgment, decree, or order as may be necessary to protect its rights in the premises."

There is a lack of harmony among the decisions of the courts of this state on the question as to whether a demurrer should be sustained if the facts alleged in the complaint constitute a cause of action, but are insufficient to sustain the judgment demanded in the complaint. Where no answer is interposed, it is provided by the Code of Civil Procedure (section 1207) that the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Section 488 of the Code of Civil Procedure provides when a defendant may demur to a complaint. It does provide that a defendant may demur to a complaint when it does not state facts sufficient to constitute a cause of action, but it does not provide for a demurrer when such facts are stated, but the demand for judgment does not ask the relief to which the facts thus stated entitle the plaintiff. The right to demur by reason of the failure of the plaintiff to demand the specific judgment to which he is entitled has

never been given by statute in this state.   See 6 Ency. Plead. & Prac. 350.   It is said in Mackey v. Auer, 8 Hun, 180–182:

"Whenever the complaint contains allegations of fact which, if proved upon a trial after issue of fact joined, would entitle the plaintiff to some relief, either legal or equitable, a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action will not be upheld.   The defendant cannot demur to the prayer for relief.   He must demur to the facts alleged, and, to sustain his demurrer, he must show that upon those facts the plaintiff cannot have any relief at the hands of the court; and it is not sufficient for him to show that the relief upon such facts could not be that asked for by the complaint.   The right to demur is not given by the Code on the ground that the complaint does not state facts sufficient to entitle the plaintiff to the relief demanded therein, but on the ground that the complaint does not state facts sufficient to constitute a cause of action; that is, any cause of action."

In Parker v. Pullman & Co., 36 App. Div. 208, 217, 56 N. Y. Supp. 734, 740, the court say:

"The right of the defendant to test jurisdiction by demurrer depends partly upon sections 481 and 1207 of the Code of Civil Procedure.   The former provides that a complaint must contain, first, the title of the action, the name of the court, and the names of the parties; second, a statement of the facts constituting the cause of action; and, third, 'a demand of the judgment to which the plaintiff supposes himself entitled.'   But this does not mean that the plaintiff may not have any other judgment than he demands, although section 1207 provides that where there is no answer the judgment shall not be more favorable to the plaintiff than he has demanded in his complaint.   This clearly relates not to an action where a demurrer has been interposed, but to one where a judgment is to be entered by default, and the reason is plain.   A party may be willing to permit a judgment by default, not more favorable than that which is demanded in the complaint; but when he demurs, as in the present instance, his claim is that the plaintiff is entitled to no relief whatever on the allegations of the complaint, for the demurrer here is that the 'complaint does not state facts sufficient to constitute a cause of action'; in other words, that the plaintiff is entitled to no judgment whatever."

There are very many reported cases on this subject, and the views expressed are conflicting.   See Bailey's Code Pleading & Practice (2d Ed.) pp. 326–330.   The position taken by the court in the two cases from which I have quoted seems to me to be logical and in accordance with the plain language of the Code provisions relating to demurrers.

It is unnecessary to say that a demurrer may not be sustained in some cases where, in considering the demand for judgment in connection with the allegations of the complaint, it may be fairly said that the complaint does not state facts sufficient to constitute a cause of action.   See Hasbrouck v. New Paltz, etc., Traction Co., 98 App. Div. 563, 90 N. Y. Supp. 977.

In this case, in view of the said section 3412 of the Code of Civil Procedure, expressly providing that, if the lienor fails to establish a valid lien in an action under title 3 of chapter 23 of the Code of Civil Procedure, he may recover judgment as in an action on contract against any party to the action, and in view of the fact that plaintiff, in addition to demanding judgment for the foreclosure of the lien and for a judgment against the respondent for deficiency, has also demanded such further judgment as may be necessary to

protect its rights, it should be held that such demand fairly includes a personal judgment in accordance with said section 3412 of the Code of Civil Procedure, or at least that a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action should not be sustained. See Steuerwald v. Gill, 85 App. Div. 605, 83 N. Y. Supp. 396.

The appeal from the order should be dismissed, and the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the respondent to plead over on payment of the costs. All concur.

