## Indiana Quarries Company v. Simms, et al.

(Decided April 16, 1914.)

### Appeal from Taylor Circuit Court.

1. Mechanics' Lien—Action To Enforce—Pleading.—In an action to enforce a lien for materials furnished, the petition alleged the filing in the office of the clerk of the county court of the statement required by Sec. 2468, Ky. Stat., and that same was sworn to; but a copy of said statement filed with the petition as an exhibit, shows that the statement was merely acknowledged. Held, that a certificate reciting that claimant "acknowledged the execution of the foregoing notice of lien," is not sufficient to show that same was sworn to as required by law.

2. Pleading—Exhibits.—The exhibit controls, notwithstanding contrary allegations in the pleading.

W. M. JACKSON for appellant.

W. C. McCHORD, H. S. ROBINSON for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The Indiana Quarries Company sued Jos. C. Simms and the Taylor National Bank in the Taylor Circuit Court, to recover the sum of $516.83, claimed to be due to it from said Simms for a quantity of building stone, and asserting and seeking the enforcement of a lien against the property of the defendant bank, the said stone having been used by Simms in the construction of a building for said bank. Judgment went against defendant Simms by default; and defendant bank's demurrer to the petition being sustained by the court, and plaintiff company declining to plead further, its petition was dismissed; whereupon it appeals.

1. One ground of objection to the sufficiency of the petition relied on by appellees, is that, while it is alleged in the petition that the statement required by Section 2468, Kentucky Statutes, to be filed in the office of the clerk of the county court was sworn to as required by the statute, yet the copy of the said statement filed with the petition as an exhibit, contradicts this allegation.

The certificate appended to the statement recites that the Indiana Quarries Company by its second vice-president "acknowledged the execution of the foregoing notice of lien."

This is not sufficient to show that the statement was sworn to as required by law. The term "sworn to" implies that the subscriber shall have declared upon oath the truth of the statement to which his name is subscribed. This the certificate fails to show.

In the case of Schenectady Contracting Company v. Schnectady R. Co., 106 N. Y. App. Div., 336, 94 N. Y. Supp., 401, the notice of lien was not verified, but in place of the verification, the plaintiff attached a certificate of acknowledgment thereto. The court held that this notice did not comply with the statute requiring it to be verified. This we think the correct rule.

The allegation of the petition that the statement was sworn to, will not prevail against the exhibit filed with the petition, which shows that it was not sworn to, but merely acknowledged. The exhibit controls, notwithstanding contrary allegations in the pleading. Kernan v. Carter, 104, S. W., 308, 31 R., 865.

The lower court, therefore, properly sustained the demurrer to the petition, for the statement or notice of lien does not conform to the statute, and consequently is insufficient to create a lien thereunder.

Other objections to the sufficiency of the petition are suggested by appellee, but as the one mentioned is fatal, it is not necessary to pass upon the others.

Judgment affirmed.