H. W. EMENY AUTO COMPANY, Appellee, v. J. NEIDERHAUSER, Appellant.

EVIDENCE:  Books of Original Entry—Ledger Pages—Workmen's Slips.

a. "Ledger pages," being copies of workmen's slips, are not books of original entry and not admissible as such.

b. "Workmen's slips," if shown to be the original entries of the transactions, and made in due course of business and at the times of the several transactions, are not rendered inadmissible, as books of original entry, because not bound in book form, especi-

ally when supplemented by statements of account sent to defendant and retained by him without objection.

**ACCOUNT, ACTION ON:** Pleading—Quantum Meruit—Agreed Price
—Variance—Evidence. In an action for balance due on account, an allegation that plaintiff sold and delivered to defendant, at defendant's instance and request, all the items charged, and that they were of the value and amount of the sum total of all the items, is broad enough to justify the reception of evidence that any single item was sold *at an agreed price.*

**ACCOUNT, ACTION ON:** Pleading—Quantum Meruit—Evidence—
Agreed Price. In an action on account for balance due, based on *quantum meruit,* evidence that the parties agreed on the price of a certain item is competent evidence of the reasonable value of the article.

**TRIAL:** Special Interrogatories—Submission on Motion of Court.
The court may, on its own motion, submit special interrogatories to the jury, calling for special findings on material and relevant issues. So held in an action on account. (Sec. 3727, Code, 1897.)

**TRIAL:** Instructions—Issues. Manifestly, the court should not submit a question not at issue.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

WEDNESDAY, APRIL 5, 1916.

ACTION upon account for goods sold and delivered and for repairs to two certain automobiles. The defendant admitted during the trial all but five items of the account, and these he denied. Upon issues joined as to these items, the case was submitted to a jury, resulting in a verdict and judgment for plaintiff and defendant appeals.—*Affirmed.*

*C. H. E. Boardman,* for appellant.

*F. L. Meeker,* for appellee.

DEEMER, J.—I. The items of account in dispute are a secondhand Buick automobile, an outer casing, an inner

tube and the repairing of a Cadillac and a Buick car.  The purchase of the Buick car is admitted, but it

**1. EVIDENCE:** books of original entry: ledger pages: workmen's slips.

is claimed that in consideration thereof plaintiff was to keep it in repair without expense. The repair work on the Cadillac car is admitted, at least to a certain extent, but the charges are said to be exorbitant; the furnishing of the casing and tube are admitted, but it is claimed that one was furnished for a car loaned to defendant by plaintiff and that plaintiff has it, and the other is said to have been given defendant in consideration of his taking the secondhand car. The purchase of the secondhand car is admitted, but it claimed that it was bought under an express agreement that it should be satisfactory to defendant; that it did not so prove; and that defendant returned it to plaintiff. To prove the various items in dispute, especially the goods furnished and the repairs done, plaintiff introduced various slips made by employees, certain ledger pages made from these slips and the entries upon the slips as to reasonable prices, or prices agreed upon; and it is said that none of these were admissible, although all were verified by the oaths of the parties making them. Doubtless the ledger pages, being in most instances mere copies from workmen's slips, were not books of original entry, and therefore not admissible in evidence; but the workmen's slips, although not bound in book form, were, under modern rules, receivable as books of original entry. *Graham & Corry v. Work,* 162 Iowa 383; *Gibson v. Seney,* 138 Iowa 383. In this case, these were supplemented by statements of account showing balances due, sent defendant from time to time and kept by him without objection; so that in any event, according to well-settled rules, the testimony was admissible.

II. Plaintiff was a dealer in automobiles and automobile supplies, and among other items shown on its account was a secondhand automobile. The books showed such an item of account, and plaintiff alleged the sale and delivery of all the

items charged at defendant's special instance and request, to the value and amount of the sum total of the items.

The proof tendered showed the sale of the automobile at the agreed price of $250, and it is claimed that there is a variance between the allegations and the proof, in that the petition counts upon *quantum meruit*, whereas the proof shows a special contract. The proposition does not appear to be sound. The action is for a balance due on account, consisting of several items, and the petition is broad enough to cover the sale of any single item at an agreed price. Indeed, under such a petition, proof of an agreed price for any item included in the account would be proper.

*2. ACCOUNT, ACTION ON: pleading: quantum meruit: agreed price: variance: evidence.*

Moreover, if the action were on *quantum meruit*, the agreed price would be evidence of value; and as the action is for balance due on account, there would be no variance between the allegations and the proof. If the action were for a single item and were not founded on a running account, there might be some merit in defendant's contention; but as that is not its form, it is clear that there is nothing in this proposition.

*3. ACCOUNT, ACTION ON: pleading: quantum meruit: evidence: agreed price.*

III. The court on its own motion submitted two special interrogatories to the jury. The first one was as to whether or not there was an agreement between the parties to the effect that, if the automobile sold to defendant was not satisfactory to him, he might return it, to which the jury returned a negative answer; and the second, as to whether or not the contract of sale was rescinded by defendant, to which the jury also returned a negative answer.

*4. TRIAL: special interrogatories: submission on motion of court.*

It is said that the court was not authorized to submit these interrogatories. The first was to meet an issue specially pleaded by defendant, and it was entirely justified. Our Code provides that the court on its own motion may submit special interrogatories to the jury. Code Section 3727. These

interrogatories were both material and relevant to the issues tendered, and we see no error.

IV.  The court did not submit the case on the theory of implied warranty, for the very good reason that no such issue was tendered; and for the further reason that the defendant did not except to the instructions as given, and asked none himself.  Without an issue of that kind, the court would not be justified in submitting such a proposition.  This is fundamental law.  Moreover, the question does not seem to have been presented to the lower court in any form, so that it cannot properly be raised here for the first time.  The answers to the special interrogatories settle the fact issues with reference to conditional sale or breach of express warranty; for there was a conflict in the testimony, and the verdict is conclusive. This same thought is an answer to defendant's contention that there was no consideration for the sale of the automobile.

5. TRIAL: instructions: issues.

We have examined the record with care and find no error. The judgment must, therefore, be and it is—*Affirmed.*

Evans, C. J., Weaver and Preston, JJ., concur.