In the Matter of the Application of JAMES PASSERO & SONS, INC., and Others, Appellants, for an Order Summarily Vacating, Canceling and Discharging of Record Two Alleged Notices of Lien, Dated the 20th Day of November, 1929, and the 7th Day of December, 1929, Respectively, and Both Filed by the EAGLE PAVING COMPANY, INC., Respondent, against Moneys Due and to Become Due upon a Certain Contract between JAMES PASSERO & SONS, INC., and the CITY OF SYRACUSE, Dated the 29th Day of May, 1929, Said Contract Being Known as a Contract for Storm and Sanitary Sewers in Genesee and Gifford Manor, and Being Contract Number 2412.*

Fourth Department, January 17, 1933.

*Robert E. Dineen*, for the appellants.

*Henry R. Follett*, for the respondent.

SEARS, P. J. During the month of February, 1931, the appellants, the general contractor for a public improvement and the sureties of the general contractor, instituted this proceeding under section 21, subdivision 7, of the Lien Law (as amd. by Laws of 1930, chap. 859, § 12, effective Oct. 1, 1930) to obtain an order summarily discharging of record two mechanics' liens of the respondent,

* Revg. 139 Misc. 636.

Eagle Paving Company, Inc., notices of which were filed on the 20th day of November, 1929, and on the 7th day of December,1929, respectively, on the ground that the notices of lien were defective as not being verified as required by section 12 of the Lien Law. The respondent made a counter motion to correct and amend the notices on the ground that the notices had in fact been verified, *i. e.*, that the subscriber to each of the notices had orally sworn to the truth of the statements contained in the notices before a notary, although no written form of verification had been attached to the instruments by the notary.

Unless a person performing labor or furnishing materials for the construction of an improvement upon real estate files a notice substantially as prescribed by the statute (Lien Law, §§ 12 and 9), he has no lien on the real property. (*Toop* v. *Smith*, 181 N. Y. 283; *Berger Mfg. Co.* v. *City of New York*, 206 id. 24; *Pascual* v. *Greenleaf Park Land Co.*, 245 id. 294; *Armstrong* v. *Chisolm*, 100 App. Div. 440.) The statute requires the notice to be verified and to be verified in a particular manner. (Lien Law, §§ 12 and 9.)

The notice in question to which a corporate acknowledgment was subjoined, but no other certificate of oath, was not verified in accordance with the statute. (*Schenectady Contracting Co.* v. *Schenectady Railway Co.* 106 App. Div. 336; *Mozarsky* v. *Whinston Bros., Inc.*, 254 N. Y. 552; *Ponsrok* v. *City of Yonkers*, 254 id. 91; *Kingston* v. *M. S. Construction Corporation*, 249 id. 533; *Dwelle-Kaiser Co.* v. *Frid*, 233 App. Div. 427, at p. 433; affd., 259 N. Y. 546.)

Verification as used in the statute includes both the actual swearing to the truth of the statements by the subscriber and also the certification thereto by the notary or other officer authorized by law to administer oaths. (*Rogers* v. *Pell*, 154 N. Y. 518; *Ponsrok* v. *City of Yonkers*, *supra;* Rules Civ. Prac. rules 99 and 100.) (See *Sprickerhoff* v. *Gordon*, 120 App. Div. 748; affd., 194 N. Y. 577.)

The requisites for a valid notice of lien being wholly statutory, there is no power in the courts to amend the notice in the absence of statutory provision. There was no statutory provision applicable here. (*Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, at p. 345; *Schwartz* v. *Lewis*, 138 App. Div. 566.) The court cannot substitute its order for the requisite statutory notice; it cannot give life to an inert document; especially it cannot do so after the time to file a valid lien has expired.

The new section of the Lien Law (§ 12-a) authorizing amendments of notices of lien became effective July 1, 1932, not only after the defective notice was filed and after the time to file a lien

had expired, but even after the date when the order of amendment involved in this appeal was granted.

The order should be reversed on the law, with costs, and the motion of the petitioners granted, with costs, and the motion of the respondent Eagle Paving Company, Inc., denied.

All concur.

Order reversed on the law, with costs, and motion for an order canceling and discharging of record the notices of lien granted, with costs.