[Crim. No. 950.   Department Two.—July 16, 1903.]

THE PEOPLE, Respondent, v. T. B. PARENT, Appellant.

CRIMINAL LAW—PERJURY—FORM OF OATH.—The omission of the words "So help you God," prescribed by section 2094 of the Code of Civil Procedure, in the form of an oath administered to the defendant, on which perjury was assigned, was merely an irregularity in matter of form, and not of substance, and constitutes no defense to the prosecution for perjury.

ID.—SUFFICIENCY OF EVIDENCE.—Where the facts elicited from several witnesses, whose testimony, with corroborating circumstances, fully met the requirements of section 1968 of the Code of Civil Procedure, and fully warranted the jury in concluding that the defendant swore falsely in an assault case, in denying under oath all knowledge as to the identity of any or all of his associates, the testimony is sufficient to sustain a verdict of guilty of perjury.

APPEAL from orders of the Superior Court of Madera County denying a new trial and denying a motion for arrest of judgment.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

S. J. Hinds, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and J. Charles Jones, for Respondent.

LORIGAN, J.—Defendant was convicted of perjury, moved for a new trial, and in arrest of judgment, and from the orders denying them both appeals.

Appellant and six others were on trial in the superior court of Madera County, jointly charged with "an assault by means and force likely to do bodily harm upon one W. C. Sellars."

At that trial the charge against appellant was dismissed, and he was called as a witness for the prosecution, and it is upon his testimony given as such witness that this charge of perjury is predicated.

Two grounds are urged for reversal.   It is insisted,—1. That the alleged oath taken by the defendant upon the trial, when it is claimed the perjury was committed, was not suffi-

cient in law upon which to base a charge of perjury; and 2. That the testimony in the present case was insufficient to fill the requirements of section 1968 of the Code of Civil Procedure, which provides that perjury must be proven by the testimony of two witnesses, or one witness and corroborating circumstances, before a jury is warranted in finding a verdict of guilty.

The first point arises from the fact that the oath administered to the defendant was in the form provided by section 2094 of the Code of Civil Procedure, as amended March 8, 1901. (Code Commissioners' Code, which was declared unconstitutional in *Lewis* v. *Dunne,* 134 Cal. 291.[1])

The legal form of oath, as prescribed by section 2094, is: "You do solemnly swear (or affirm, as the case may be) that the evidence you shall give in this issue (or matter) pending between —— and ——, shall be the truth, the whole truth, and nothing but the truth, so help you God." The only difference between the oath as above prescribed and the one provided in the unconstitutional amendment of 1901, and which was taken by the defendant, consisted in the omission from the latter of the invocation for God's help, represented by the words "so help you God."

We are satisfied this omission was merely formal; that the oath in either form is substantially the same. (*State* v. *Owen,* 72 N. C. 607; *People* v. *Swist,* 136 Cal. 522.)

The words "so help me God" are no part of the oath or thing sworn to—that the witness will tell the truth—for they do not extend the operation of the oath. They are part of the form and manner and pertain to the mode of administering it, and, like kissing the Bible or raising the hand, are merely the sanction or pledge that the substance of the oath— the declaration to tell the truth—will be kept. (*L. & C. Ry. Co.* v. *Heaton,* 8 El. & B. Q. B. 955.)

So, at most, the omission of the words complained of was merely an irregularity in matter of form in administering it, and it is provided by section 121 of the Penal Code that "it is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner."

It is presumed, too, that the mode which a witness adopts

---

[1] 86 Am. St. Rep. 257.

in taking an oath is the one which accords with his belief, and which he considers binding on his conscience, and when at the time he is sworn he makes no objection to the form of its administration, but takes it and testifies under it, he will not be allowed, in order to escape the penalty of perjury, to claim that it has not been administered in strict conformity with law. (*People* v. *Cook,* 8 N. Y. 84.[1])

Now, as to the sufficiency of the evidence. The perjury charged was that the appellant falsely swore that he did not know at the time of the assault on W. C. Sellars, or at any other time, ''who the other persons were besides himself that engaged in, assisted, or were present at and during said assault, nor any of them.'' While the defendant was upon the stand as a witness in the assault case, he was asked (having admitted the general plot and detailed the circumstances of the assault) who was with him, if any one, at that time, to which he responded, ''I will not tell you.'' He was then asked upon what ground he refused to answer, to which he responded: ''On no ground at all. You can do what you please with me. I won't tell you.'' He was then directed by the court to answer the question, which he did in this manner: ''I can't tell you, if that satisfies you any better,'' and thereafter, though a rigorous examination was made to have him disclose the identity of any of the parties who participated in the affair, he persistently reiterated that he had no knowledge as to the identity of any of them; nor did he find out during that evening who any of them were, or thereafter learn who they were; that he did not think he talked much to them at the scene of the assault.

The testimony clearly showed on this trial for perjury that the defendant, with some five others, who, like himself, had real or fancied grievances against Sellars, met at the house of one McMann, one of the assailing parties, and it was agreed that they should go to the house of Sellars and administer a whipping to him. The latter's house was about a mile from that of McMann's. The party, including the defendant, all started together after dark on their mission, and kept together until they were within about one hundred yards of Sellar's house, when they separated, with the exception of

[1] 59 Am. Dec. 451.

the defendant and two others,—Muller and Lopez,—who remained, put on masks, and proceeded together to Sellar's place. There they were joined by the rest of the party, who, like themselves, were masked. They took Sellars from his bed, and, in pursuance of the original design, tied him to a tree and whipped him. The defendant seems to have been the directing spirit in the enterprise. After they had accomplished their purpose, they left, returning towards McMann's house, the defendant and Muller, immediately followed by Lopez, going back together. On the way back either defendant or Muller remarked to the other, in effect, that "they had the old man scared now and afraid, and he would not do any more meanness." It appears further that at the scene of the whipping the appellant and the other masked men were seen talking together.

These are the main, though not the only, facts shown by the testimony of several witnesses called upon the trial; but they are sufficient to show that the defendant knew who his associates were who actually engaged with him in the unlawful assault which they had conspired to commit, and which they carried out. These facts were elicited from several witnesses whose testimony with corroborating circumstances, fully met the requirements of section 1968 of the Code of Civil Procedure and warranted the jury in concluding that the defendant swore falsely when he denied under oath all knowledge as to the identity of any or all his associates and warranted the verdict of guilty.

The orders appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.