STATE OF IOWA v. CHARLES B. HULSMAN, Appellant.

**Perjury:** INDICTMENT: TRAVERSE OF FALSE STATEMENTS. Perjury consists in the wilful and false swearing to a material matter; and both the indictment and the evidence must traverse the truth of the statements claimed to be false. In this action perjury is assigned on statements contained in a sworn notice of claim of ownership of property and the indictment fails to traverse the statements made by defendant in the notice.

**Oath:** FORM OF. There is no statutory form of an oath and any form thereof which is calculated to appeal to the conscience of the person to whom it is administered and by which he signifies that his conscience is bound is sufficient. Omission from the oath of the words, "So help you God," is immaterial.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

FRIDAY, JUNE 10, 1910.

THE defendant was tried on an indictment charging him with perjury. He appeals from a judgment on a verdict of guilty. *Reversed.*

*James Nugent,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

SHERWIN, J.—The defendant claimed to be the owner of several cases of shoes which had been levied upon as the property of S. E. Carter, and served a notice of such ownership on the sheriff as provided by section 3991 of the Code, whereupon the goods were released from the levy. The court instructed that a conviction would be warranted if

the jury found that at the time the defendant signed and swore to the notice and at the time he delivered it to the sheriff, he knew that he was not the owner of the shoes, and knew that he had not bought them of Carter and paid therefor the sum alleged therein to have been paid.   The instruction was erroneous and prejudicial. Perjury under the statute is the willful false swearing to a material matter.   The material matters in this case were whether the defendant was the owner of the shoes at the time in question, and whether he bought them of Carter and paid him therefor the amount stated in the notice served on the sheriff.   A conviction could be had only upon a finding that such material matters were untrue in fact.   In *State v. Gallaugher,* 123 Iowa, 378, we held that an indictment that failed to traverse the truth of the false testimony was fatally defective.   And of course the evidence must do so.   The indictment in the instant case fails to contradict the statements made by the defendant in the notice served on the sheriff, and the court undoubtedly fell into the error by following the language of the indictment.

The notice purports to have been signed and sworn to before a notary public.   The notary testified that the defendant was sworn by him, but that he did not remember the exact form of the oath administered to him.   He said, however, that he did not think he used the words "So help you God" in administering the oath.   Based upon this testimony the defendant contends that there is insufficient proof that an oath was administered.   The statute makes no general requirement as to the form of an oath.   The purpose of an oath is to secure the truth, and hence any form thereof which is ordinarily calculated to appeal to the conscience of the person to whom it is administered, and by which he signifies that his conscience is bound, is sufficient.   27 Am. & Eng. Enc. of Law, 682; *State v. Gay,* 59 Minn. 21 (60 N. W. 676,

50 Am. St. Rep. 389); *O'Reilly v. People,* 86 N. Y. 154 (40 Am. Rep. 525); 2 Bouv. Law. Dict. 320; 30 Cyc. 1416.

The omission of the words "So help you God" is immaterial. *People v. Parent,* 139 Cal. 600 (73 Pac. 423).

Other alleged errors are discussed by counsel, but we need not further notice same. For the error pointed out, the judgment is *reversed.*