Kenneth Dan THOMAS, Petitioner,

v.

W. Lee JOHNSON, District Judge, and David Hall, County Attorney, Tulsa County, Oklahoma, Respondents.

No. A–13623.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1965.

Kenneth Dan Thomas, pro se.

W. Lee Johnson, District Judge, David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondents.

BRETT, Judge.

This is a matter in which the petitioner, Kenneth Dan Thomas, an inmate of the Oklahoma State Penitentiary at McAlester, Oklahoma, petitions this Court for the issuance of a writ of mandamus to cause the District Court of Tulsa County, to prepare a casemade, without cost to said petitioner. The petition was received in this Court on January 20, 1965, and the response by the district court and the county attorney of Tulsa County was received January 28, 1965.

Petitioner in this case was tried on October 13, 1964 in the district court of Tulsa County, while being represented by counsel, Mr. Ed Parks. Defendant waived a jury trial and was tried before the court. Evi-

dence was introduced, and defendant was found guilty of the crime of burglary, second degree. A motion for new trial was presented, heard and overruled, and defendant was sentenced to serve two years in the State Penitentiary at McAlester. Notice of intent to appeal was given in open court, but no extension of time was requested, and none was granted.

On November 24, 1964 the petitioner mailed from the penitentiary to the court clerk of Tulsa County an instrument designated, "Affidavit Forma Pauperis". Said form, however, was not sworn to before one authorized by statutes to administer oaths, and therefore failed to meet the requirements for an affidavit. Likewise, said instrument was not timely filed, in accordance with the statutes. Therefore, it did not come within the purview of discretion of the trial court.

Later, on January 12, 1965 the petitioner requested by letter to the district judge, an additional three months to perfect his appeal. The district judge entered the following order into the minutes of the court: "Defendant given 90 days additional time to make and prepare casemade, all as per order". No formal order has been filed.

Notwithstanding the fact, that the order was entered into the minutes of the court, such order is of little assistance to this petitioner at this time. As stated in Chase v. State, Okl.Cr., 378 P.2d 779:

"It has been repeatedly held that appeal is a matter of right, but the manner of taking the same is a matter within legislative control. 22 O.S.1961 § 1052; Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228, and other cases."

Title 12 Oklahoma Statutes, § 958, and Title 22 O.S. § 1059 provide how the casemade shall be accomplished, and the manner in which an extension of time shall be accomplished. An order granted, after the time limit specified by the statutes, becomes a nullity, and this Court is required to sustain a motion to dismiss the appeal. Likewise, an order extending the time to make

and serve the casemade for appeal does not automatically extend the time within which to file an appeal. Seabolt v. State, Okl.Cr., 357 P.2d 1014, Chase v. State, supra, and other cases so holding.

It is apparent that this petitioner did not take the necessary steps in the district court of Tulsa County to protect his interests in the matter of perfecting the appeal. As well as applying on January 12, 1965 for an extension of time to perfect his appeal, he should have applied for an extension of time to make and serve the casemade on or before October 28, 1964, when the time expired for that purpose.

The conditions, for time to prepare appeal and casemade, are two separate and distinct requirements that must be separately attended to by counsel or the accused. Chase v. State, supra; Smith v. State, Okl. Cr., 378 P.2d 873, and other cases.

Such being the case, it would be to no avail to the petitioner to grant the relief prayed for, at this late date. This Court is without jurisdiction to consider the appeal on the basis of petition in error and casemade.

Therefore, the writ must be denied.

BUSSEY, P. J., and NIX, J., concur.