Robert E. Lee GRESHAM, Jr., #72126, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13823.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1966.

James G. Griffin, Asst. County Atty., Tulsa County, Tulsa, for respondent.

BRETT, Judge:

Robert E. Lee Gresham, Jr., filed an application with this Court for a writ of mandamus, requiring the Tulsa County district court to furnish him a case made at county expense.

Petitioner employed his own counsel when he was tried before a jury, found guilty of the crime of second degree burglary, after former conviction of a felony. Petitioner was sentenced to serve from fifteen to forty-five years in the State Penitentiary.

On the basis of petitioner's application, on November 17, 1965, this Court directed the district court of Tulsa County to conduct an evidentiary hearing into the matters alleged in his petition. Those matters to be inquired into were:

1. Was notice of intention to appeal timely made?

2. Was the request for case made at public expense timely made?

3. Was the defendant at the time of his trial an indigent person?

On December 30, 1965 the Honorable Robert D. Simms, district judge in and for the district court of Tulsa County, conducted the evidentiary hearing. The State was represented by Mr. James G. Griffin, assistant county attorney; and the petitioner was present and was represented by his court-appointed counsel, Mr. C. B. Savage.

Petitioner alleged in his original application, pro se, that he had served timely notice of intention to appeal; that on June 11, 1965 he filed with the Hon. Robert D. Simms, district judge, application for writ of mandamus requiring the issuance of a case made at public expense, to which was attached his affidavit forma pauperis; that he received no response to his request; that he was denied equal protection of the law; that he was denied due process; and that he received cruel and unusual punishment when he was sentenced to the state penitentiary.

In an effort to sustain the allegations of his application before this Court, petitioner subpoenaed three witnesses to testify at the evidentiary hearing. Those witnesses were: John B. Harris, his defense counsel at the trial; John C. Shupert, vice president and cashier for the Peoples' State Bank in Tulsa; and Van Ralston, bail-bondsman. All three witnesses appeared and testified. Petitioner, on advice of counsel, refused to testify at the evidentiary hearing.

At the conclusion of the hearing, the district judge made his findings of fact, and conclusions of law, which have been provided this Court, as a part of the record of that hearing. The district judge found, in summary, the following:

1. Petitioner did give timely notice of intention to appeal, and the court fixed 60, 10 and 5 days to make, serve and settle the case made.

2. That on June 11, 1965 petitioner did prepare a purported petition for writ of mandamus, directed to the district judge of Tulsa County, to which was attached *an unverified oath in forma pauperis*; that such purported filing was read by the court on June 30, and was denied; and that on July 2, the application and oath were filed with the court clerk. At the evidentiary hearing, the court made the specific finding that a proper application for case made at public expense was not timely filed within the 60-day period.

3. That as a matter of law and finding of fact, petitioner failed to meet the burden of proof, at the evidentiary hearing, that he was an indigent person at the time of trial.

■ This court has held many times that notwithstanding the fact that one has a right to an appeal, the manner of making such appeal is governed by the Legislature. As most recently stated in Sparks v. State, Okl.Cr., 398 P.2d 668:

"Appeals to the Court of Criminal Appeals are governed by statutes, and while defendant has right to appeal, manner of taking appeal is subject to legislative control and failure to comply with law relating thereto is fatal."

We feel obliged to accept the statement found in 24A C.J.S. Criminal Law § 1710 (4), page 42, which reads as follows:

"The affidavit must be such as would support a prosecution for perjury, and must comply with all the statutory requirements, and be signed by petitioner [word substituted]. These requirements are mandatory and jurisdictional, and unless complied with the appellate court will take no cognizance of the appeal except to dismiss it."

Title 12, Okl.St.Ann. § 422, defines an affidavit as follows:

"An affidavit is a written declaration, under oath, made without notice to the adverse party."

■ The Supreme Court of the State of Oklahoma in Lester v. Feuquay, 172 Okl. 288, 44 P.2d 931, a 1935 case pertaining to the test of sufficiency of an affidavit, stated:

"Chief tests of sufficiency of affidavit required by law is whether affidavit is so clear and certain that an indictment for perjury may be sustained on it, if false."

■ When we consider the unsworn statement made by the petitioner, which he attached to his purported petition for a writ of mandamus, we find that it meets none of these tests. The Court takes notice of the fact that at the time petitioner filed his unsworn statement, a proper notary public was available at the state penitentiary. Consistent with the many decisions of this court, we held in Thomas v. Johnson, Okl.Cr., 399 P.2d 305:

"Affidavit forma pauperis must meet requirements of state statutes and must be sworn to before one authorized to administer oaths."

And, as stated in the third paragraph of the syllabus in the Thomas case, supra:

"Where affidavit forma pauperis was not sworn to before one authorized to administer oath and was not timely filed, it did not come within purview of trial court's discretion."

■ Certainly, under the decisions of the cases before this court, we must concur in the second finding of fact, made by the trial court, at the evidentiary hearing.

■■ With reference to the third matter of fact, and conclusion of law, provided by the trial court: that petitioner failed to meet the burden of proof that he was an indigent at the time of trial, is consistent with evidence before the court. This court takes notice of the fact that Tulsa County provides competent legal counsel in the Public Defender's office. At the time of trial,

petitioner could have asked for the assistance of that office; but instead, he chose to employ counsel of his own choosing. This action is within his own power of discretion. However, the evidence produced at the hearing showed that petitioner paid the sum of $750 cash for his appearance bond. Likewise, that power of election comes within the power of his own discretion, but it likewise seems to indicate that at that time petitioner was not a pauper.

From the pleadings before this court, it becomes apparent that petitioner did not consider himself to be an indigent defendant until after he entered the State Penitentiary. We observe also, that petitioner refused to testify in support of his petition. It is the general rule that the burden is upon the petitioner to make sufficient showing that he is an indigent: without funds and without friends or relatives who are able to pay the costs for the record; and that it is impossible for him, or his attorney to prepare a narrative resume of the record from memory. In the instant case this petitioner failed to make such a complete showing.

We believe also, that it is incumbent upon the petitioner, at least, to be willing to testify concerning his lack of financial capability. That is the extent to which the testimony could proceed. Under these circumstances, we are left to presume that petitioner is concealing something. During the conduct of the hearing, the following transpired:

"Mr. Waller [Petitioner's counsel]: If the court please, that concludes the defendant's evidence.

"The Court: Am I to understand the defendant does not wish to take the stand in support of his application?

"Mr. Waller: That is right, Your Honor.

"The Court: Is that correct, Mr. Gresham?

"Mr. Gresham: May I ask my attorney a question before I answer, Your Honor?

"The Court: Yes.

"Mr. Waller: If the court please, at this time I put in this record at this time it is my recommendation that he not take the stand and place himself under oath and subject himself to cross-examination by the prosecution. However, if he did so, it would be against my counselling.

"The Court: All I want to know, Mr. Waller, is whether or not he concurs in your recommendation.

"Mr. Gresham: Your Honor, I don't care to testify."

In The Application of Mennelli, Okl.Cr., 332 P.2d 38, this Court held:

"The matter of granting or refusing case made in forma pauperis is a matter within the sound discretion of the trial court and such discretion will not be reviewed unless it appears that it was arbitrarily used or abused."

In Pleasant v. State, Okl.Cr., 381 P.2d 182, the following appears:

"Where petitioner for case made forma pauperis alleged that he had no funds for appeal, but did not categorically state that he had no relatives or friends from whom he could get money to pay for a record, and did not allege that his trial counsel could not state evidence from memory in narrative form; trial court did not, under the circumstances, abuse its discretion in refusing to order record for appeal at expense of county."

We must therefore conclude that under the circumstances of this case, the district judge did not abuse his discretion. Also, the alleged oath of petitioner did not state the material elements required in an affidavit forma pauperis.

We are therefore of the opinion that notwithstanding the fact that petitioner did file a timely notice of intent to appeal, he did not properly file his application for writ of mandamus before the district court, and failed to attach a proper affidavit forma

pauperis, with his purported application for the writ.

From the evidence produced at the evidentiary hearing, conducted before the Hon. Robert D. Simms, district judge, on December 30, 1965, the petitioner failed to support his petition for writ of mandamus filed in this court.

Other matters alleged are not properly before this court, and will not be passed upon.

It shall therefore be the order of this court that the writ of mandamus is denied.

BUSSEY, P. J., and NIX, J., concur.