1998 OK CIV APP 119

**Larry BUNDREN and Shirley Bundren, Plaintiffs/Appellants,**

**v.**

**CAR CONNECTION, INC. and Albright Title & Trust Co., Defendants/Appellees,**

**v.**

**Barbara GLAZEBROOK, Third–Party Defendant.**

**No. 91163.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 6, 1998.

Justin Lamunyon, Enid, for Plaintiffs/Appellants.

C. Craig Cole, Julian K. Reimer, Oklahoma City, for Defendants/Appellees.

*OPINION*

CARL B. JONES, Vice Chief Judge.

¶ 1  Plaintiffs/Appellants Larry and Shirley Bundren bought a 1989 Mercury Cougar automobile from Defendant/Appellee Car Connection, Inc. [Car Connection] in March, 1996. Eight months later they sued Car Connection and its bond issuer [1] alleging the car did not have a window sticker displayed as required by state and federal law. Appellants further alleged that they took the car to a mechanic shortly after buying it and were told that it had been "severely wrecked and damaged" prior to sale, that Car Connection knew about the damage but failed to disclose it, and that after they returned it Car Connection disposed of the car in a commercially unreasonable manner without giving proper notice. Appellants asserted claims (1) under the Oklahoma Uniform Commercial Code

---

1. Defendant/Appellee, Albright Title & Trust Co., was named solely as surety. Each applicant for a used motor vehicle dealer's license is required to procure and file a surety bond in the amount of $10,000 with the Used Motor Vehicle and Parts Commission. 47 O.S.Supp.1992 § 583(E)(1). The Appellants here will be referred to collectively as "Car Connection."

[UCC][2] for unreasonable disposition of the car; (2) under the Oklahoma Consumer Protection Act [OCPA][3] for failure to disclose that the car had been wrecked; (3) for fraud; (4) for breach of UCC express and implied warranties; and (5) against the surety based on the OCPA and fraud claims.

¶ 2 Car Connection moved for summary judgment on all claims, relying on the language of the sales contract and the "Buyers Guide" statement and separate "as is" warranty disclaimers which Appellants signed when they bought the car. Car Connection argued that Appellants could not recover for fraud or for breach of warranty.

¶ 3 With their response to the motion for summary judgment, Appellants supplied an affidavit from a mechanic formerly employed by Car Connection, who averred that he had personal knowledge that Car Connection came into possession of the car when he was employed there, and when Car Connection bought the car it had previously been wrecked, and Car Connection had the car partially repaired before it was sold to Appellants.

¶ 4 Car Connection challenged the affidavit, saying it was not made on personal knowledge and it had not been made under oath. An affidavit offered in support of or in opposition to a motion for summary judgment must be made on personal knowledge, and must show that the affiant is competent to testify about the subjects of his testimony. Rule 13(c), 12 O.S.Supp.1993, Ch. 2, App Title 12 O.S.1991 § 422 defines an affidavit as "a written declaration, under oath, made without notice to the adverse party."

¶ 5 In earlier cases construing § 422, the court has required an affidavit to be sworn. *Gresham v. Page,* 1966 OK CR 25 ¶ 11, 411 P.2d 251, 254 (unsworn statement attached to petition for mandamus did not meet statutory requirement of affidavit *forma pauperis* ). The affidavit in question here was sworn; the notary's attestation clause states that it was "subscribed and sworn to" in her presence. When Car Connection argued the affidavit was not made under oath, it apparently

meant to say that the notary did not ask the affiant to raise his right hand and utter an oath to tell the truth, but merely witnessed his signature.

¶ 6 There is neither a specific form of oath required by § 422, nor a requirement that an oral oath be administered by the notary. The uniform law in force in Oklahoma empowers a notary to take a "verification upon oath or affirmation" but merely defines that phrase as "a declaration that a statement is true made by a person upon oath or affirmation." 49 O.S.1991 § 112. The affiant testified in a deposition that he was shown the affidavit which had been prepared, that he proofread it, and then signed it. After that, the notary attested to his signature and affixed her seal.

¶ 7 We do not doubt that Car Connection's former mechanic was "under oath" for purposes of the execution of his affidavit. "The purpose of an oath is to secure the truth, and hence any form thereof which is ordinarily calculated to appeal to the conscience of the person to whom it is administered, and by which he signifies that his conscience is bound, is sufficient." *State v. Hulsman,* 147 Iowa 572, 126 N.W. 700, 701 (1910). "If the attention of the person making the affidavit is called to the fact that it must be sworn to and, in recognition of this, he is asked to do some corporal act and he does it, the instrument constitutes a statement under oath, irrespective of any other formalities." *Dalbey Bros. Lumber Co. v. Crispin,* 234 Iowa 151, 12 N.W.2d 277, 279 (1943). *See State v. Walker,* 574 N.W.2d 280, 285 (Iowa 1998).

¶ 8 A problem remains in this case. Car Connection supplied two pages of deposition testimony from the mechanic which appear to contradict his affidavit. In that small excerpt of his testimony, the mechanic said he told someone (it is not clear who) that he knew the car had been wrecked. But, when directly asked whether he had any evidence the car had been wrecked at the time Car Connection bought it, he answered that he did not. And, the mechanic's knowledge

---

**2.** 12A O.S.1991 §§ 1–101 *et seq.*

**3.** 15 O.S.1991 §§ 751 *et seq.*

about the history of the vehicle may simply have been his opinion based on the car's external appearance.

¶ 9    When considering evidentiary materials offered in support of or in opposition to a motion for summary judgment, the court does not weigh the evidence or determine the credibility of witnesses.   It merely examines the evidence in light of the relevant law to determine whether a substantial controversy exists as to any material fact.   *Oliver v. Farmers Ins. Group of Cos.*, 1997 OK 71, ¶ 6, 941 P.2d 985, 987; *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009, 1011 (1983).   Assuming a conflict between the mechanic's affidavit and his deposition testimony, the trial court could not resolve the incongruity by choosing to accept one over the other.

¶ 10    Section 2–316 of the UCC permits a seller to disclaim all implied warranties.   *See Collins Radio Co. v. Bell*, 1980 OK CIV APP 57, ¶ 28, 623 P.2d 1039, 1049, *cert. denied.*   The phrases "as is" and "with all faults" are commonly used by sellers of used automobiles, and those phrases are commonly understood to relieve the seller of any liability on a claim for breach of warranty due to defects in a motor vehicle.   *See Pelc v. Simmons*, 249 Ill.App.3d 852, 189 Ill.Dec. 353, 620 N.E.2d 12, 14 (1993); *DeVoe Chevrolet–Cadillac, Inc. v. Cartwright*, 526 N.E.2d 1237, 1240 (Ind.App.1988); *see, also, Koperski v. Husker Dodge, Inc.*, 208 Neb. 29, 302 N.W.2d 655, 662–63 (1981).

¶ 11    An effective disclaimer of warranties does not necessarily prevent recovery of damages caused by the seller's fraudulent or other deceptive conduct.   *Morris v. Mack's Used Cars*, 824 S.W.2d 538, 539–40 (Tenn.1992) (effective disclaimer not a bar to separate claim under state consumer protection statute); *cf., Weiss, supra*, 456 A.2d at 1012 (1983) (summary judgment for seller reversed; disclaimer based on use of phrase "as is—where is" did not by itself preclude recovery based on statements or affirmations made after execution of sale agreement).

¶ 12    Because by law we may not assign dispositive weight to the mechanic's affidavit, and because we are just given the statement he made that the car had been wrecked, together with a small part of his deposition testimony, we are unable to hold as a matter of law that the trial court correctly entered summary in favor of Car Connection.

¶ 13    The judgment entered by the trial court must be reversed.   This case is remanded for further proceedings consistent with this opinion.

¶ 14    REVERSED AND REMANDED.

JOPLIN, P.J., and GARRETT, J., concur.