STATE of Iowa, Appellant,

v.

**Darla Annette CARTER, Appellee.**

**No. 99–1483.**

Supreme Court of Iowa.

Oct. 11, 2000.

CADY, Justice.

The State appeals from an order by the district court dismissing a trial information charging the crime of perjury predicated upon a false application submitted to the Iowa Board of Pharmacy Examiners. We affirm the district court.

## I. Background Facts and Proceedings.

Darla Carter applied to the Iowa Board of Pharmacy Examiners for registration as a pharmacy technician in December 1997. She completed and submitted a form application provided by the board. The two-page application form required Carter to disclose various background information, including whether she had ever been charged or convicted of a crime other than a traffic violation involving a fine of less than $100. The application also required a signature. Immediately above the signature line, the form provided "I certify to the Iowa Board of Pharmacy Examiners that the information I have provided on this registration application is true and correct."

The application submitted to the board by Carter indicated she had never been charged or convicted of a crime. Carter signed her name to the application in the space provided immediately below the certification. The application was not notarized or otherwise verified.

The application submitted by Carter contained false information. Carter had been convicted and sentenced to a term of incarceration not to exceed ten years for the felony crime of possession of cocaine with the intent to deliver. This conviction occurred in 1989.

The State subsequently charged Carter by trial information with perjury in violation of Iowa Code section 720.2 (1997), for failing to reveal the felony offense on the application to the board. Prior to trial,

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Richard R. Phillips, County Attorney, and Alan R. Ostergren, Assistant County Attorney, for appellant.

Esther J. Dean, Muscatine, for appellee.

Carter moved to dismiss the charge. She claimed she did not commit perjury as a matter of law because the certification on the application did not constitute an oath or affirmation essential to the commission of perjury.

The district court dismissed the charge following a stipulation by the parties that the only evidence to support the oath or affirmation requirement of the perjury charge was the signed certification on the application. The district court found Carter did not sign the application under oath or affirmation.

The State appeals. It claims the certification on the application constitutes an affirmation which is required or authorized by law, and is sufficient to support a conviction for perjury.

## II. Scope of Review.

■ The claim on appeal raises an issue of statutory construction. Our review is for errors at law. *State v. Hubka*, 480 N.W.2d 867, 871 (Iowa 1992).

## III. Oath or Affirmation Requirement of Perjury.

At common law, the crime of perjury could only occur in the course of a judicial proceeding while a person was under oath or affirmation. *See* 60A Am.Jur.2d *Perjury* § 38, at 1092 (1988). Our legislature, like most other states, has expanded the common law definition of perjury to include false statements in "any proceeding or other matter in which statements under oath or affirmation are required or authorized by law." Iowa Code § 720.2. Thus, although perjury can now be predicated upon events outside a judicial proceeding, the "oath or affirmation" requirement re-

mains an essential element of the crime.[1] It is required to support a perjury charge to ensure that a person who is exposed to punishment for perjury recognized the obligation to be truthful when making a false statement. *See* 58 Am.Jur.2d *Oath and Affirmation* § 7, at 1050 (1989).

■ While our legislature has retained the oath or affirmation requirement under our perjury statute, many of the formalities once commonly associated with an oath or affirmation have been discarded. *See State v. Walker*, 574 N.W.2d 280, 286 (Iowa 1998) (oath sufficient even though notary did not require affiant to raise his hand and orally promise to tell the truth); *Dalbey Bros. Lumber Co. v. Crispin*, 234 Iowa 151, 154–58, 12 N.W.2d 277, 279–80 (1943) (affidavit sufficient despite affiant's use of an incorrect form and notary's failure to complete jurat, where the circumstances demonstrated the affidavit was made under oath); *State v. Hulsman*, 147 Iowa 572, 573, 126 N.W. 700, 701 (1910) (notary's failure to state the words "So help you God" when administering oath immaterial). Instead, we look to see if the oath or affirmation was accomplished in such a way that the person's conscience was bound. *See Walker*, 574 N.W.2d at 285–88; *Hulsman*, 147 Iowa at 573, 126 N.W. at 701.

In *Walker*, we found sufficient evidence to support a finding the defendant was under oath to support a conviction for perjury for signing a false proof of service on the return of a subpoena. *Walker*, 574 N.W.2d at 286. Although no oral oath or admonition was administered, the defendant signed the verification of service in the presence of a notary who completed a

---

1. The elements of the crime of perjury have been identified as:

    (1) a false statement of fact, opinion or belief knowingly made regarding any material matter, (2) under a lawfully authorized oath or affirmation, (3) in any proceeding before any court of justice or officer thereof, or before any tribunal or officer created by law, or in any proceeding in regard to

any matter or thing in or respecting which an oath or affirmation is required or authorized by law.

*State v. Walker*, 574 N.W.2d 280, 283 (Iowa 1998) (quoting *State v. Deets*, 195 N.W.2d 118, 122 (Iowa 1972)). The only element at issue in this case is the "under a lawfully authorized oath or affirmation" requirement.

jurat which recited "subscribed and sworn to before me." *Id.* at 281–82. The verification indicated the certificate of service was true and accurate. *Id.* at 286–87. We found the circumstances surrounding the signing of the verification were sufficient to bind the defendant's conscience. *Id.* at 286 (noting the defendant's previous experience with the notarization of legal documents). The need to bind the conscience of the person has also been the significant inquiry in our other cases which have considered the requirements of an oath or affirmation. *See Dalbey Bros. Lumber Co.*, 234 Iowa at 151, 12 N.W.2d at 277 (statement is under oath if affiant executes some corporal act recognizing the affidavit must be sworn to); *Hulsman*, 147 Iowa at 572, 126 N.W. at 700 (any form of oath which appeals to one's conscience satisfies oath or affirmation requirement); *see also State v. Phippen*, 244 N.W.2d 574, 576 (Iowa 1976) (uniform traffic citation and complaint form containing incomplete jurat insufficient to constitute an oath or affirmation).

While our prior cases reveal a host of circumstances that may satisfy the requirement of binding a person's conscience, we recently identified an essential common element of an oath or affirmation. In *City of Cedar Rapids v. Atsinger*, 617 N.W.2d 272 (Iowa 2000), we held an oath could not be accomplished alone. Instead, we found our prior cases revealed a common aspect of an oath to be the presence of an official to participate in the process in such a manner to assure the person's conscience is bound. *Atsinger*, 617 N.W.2d at 275. Thus, it is essential that a person appear before a designated officer to satisfy the oath or affirmation requirement.

■ Although we were interpreting our constitution in *Atsinger*, the rationale in that case applies with equal force to our interpretation of the statutory language of section 720.2. There is no reason to distinguish between the constitutional requirement of an oath to support an indictment and an oath to support the crime of perju-

ry. Statutes must not be construed in isolation and we strive to achieve harmony and consistency between similar statutory and constitutional provisions. *See* 2B Norman J. Singer, *Sutherland Statutory Construction* §§ 53.01, 53.04, 229–30, 236–37 (5th ed.1992). Likewise, the view that an oath or affirmation must occur in the presence of another is also consistent with the general approach to the oath or affirmation requirement for perjury. *See United States v. Yoshida*, 727 F.2d 822, 823 (9th Cir.1983) (to prove the crime of perjury, the prosecution must show an authorized officer administered an oath to the accused); 58 Am.Jur.2d *Oath and Affirmation* § 19, at 1057 ("[t]o make a valid oath, the declarant must take ... the obligations of an oath in the presence of [a person] authorized to administer it"); 60A Am. Jur.2d *Perjury* § 12, at 1074 (to support a perjury charge, the oath must be "administered by a person having lawful authority to do so").

■ We conclude our legislature intended the "oath or affirmation" element of perjury under section 720.2 to be accomplished in the presence of an authorized official. This requirement is not only consistent with our case law, but is also consistent with our common law. We strive to interpret our statutes consistent with our case law. *Sourbier v. State*, 498 N.W.2d 720, 723 (Iowa 1993). Additionally, we interpret statutes consistent with the common law unless the statutory language clearly negates the common law. *State v. Pace*, 602 N.W.2d 764, 771 (Iowa 1999).

We recognize our legislature is free to alter this traditional requirement of an "oath or affirmation" by statute. Yet, the only statute which eliminates the presence of another requirement for an oath or affirmation is found in section 622.1. This section now permits sworn written statements required or permitted by law to be attested by a signed and dated unsworn written statement that the person "certifies under penalty of perjury" the statement is "true and correct." Iowa Code

§ 622.1. This statute, however, does not help the State in this case.

■ Although our legislature permits a written attestation to be accomplished alone, it also requires the certification to expressly impress upon the person that it is made "under penalty of perjury." Iowa Code § 622.1. This is an important requirement because the "under penalty of perjury" language, like the administration of an oath by an official, acts to bind the conscience of the person and emphasizes the obligation to be truthful.

■ Even assuming the application in this case fell within the self-attestation provisions of section 622.1 as a matter required or permitted to be supported by a sworn statement written by the person attesting the matter, the language of the certification on the application fell far short of substantially complying with the language required by the statute. The language of the application to the board in this case did not indicate it was executed "under penalty of perjury." A certification which does not contain language which substantially complies with this phrase is outside the statute. If the requirements of section 622.1 are not satisfied, the presence of another to administer an oath remains necessary to support a perjury charge under section 720.2. Moreover, we can find no other instance where our legislature has relaxed the oath or affirmation requirement to support the charge of perjury.

### IV. Conclusion.

We conclude the district court properly dismissed the perjury charge. Under the circumstances, Carter did not commit perjury by filing the false application with the board.

**AFFIRMED.**

All justices concur except SNELL, J., who takes no part.