# IN THE SUPREME COURT OF IOWA

No. 23–0719

Submitted June 5, 2024—Filed June 7, 2024

**GLORIA ANN SHONTZ,** as administrator of the **ESTATE OF SHIRLEY KAY GOMEZ, ANDREA MARIE BELL,** individually, **KRISTINA CHRISTIAN LINCOLN,** individually, and **KIM MARIE KERR,** individually,

Appellees,

vs.

**MERCY MEDICAL CENTER-CLINTON, INC.,** and **AMARESHWAR CHIRUVELLA, M.D.,**

Appellants.

Appeal from the Iowa District Court for Clinton County, Stuart P. Werling, Judge.

Defendant healthcare providers appeal ruling denying their motion to dismiss under Iowa Code section 147.140(6) on grounds that the plaintiffs' expert's certificates of merit were unsworn. **REVERSED AND REMANDED.**

Per curiam.

Frederick T. Harris and Theodore T. Appel of Lamson Dugan & Murray LLP, West Des Moines, for appellants.

Nicholas C. Rowley, Dominic F. Pechota, and Jon Specht (until withdrawal) of Trial Lawyers for Justice, P.C., Decorah, for appellees.

**PER CURIAM.**

This interlocutory appeal presents the same dispositive issue we recently decided in *Miller v. Catholic Health Initiatives-Iowa, Corp.*, ___ N.W.3d ___, ___, 2024 WL 2484448, at *1 (Iowa May 24, 2024): Whether an expert's signed but unsworn certificate of merit substantially complies with the affidavit requirement of Iowa Code section 147.140 (2022). We held that this statute unambiguously requires the expert to timely sign the certificate under oath and that her unsworn signature did not substantially comply with the affidavit requirement. *Id.* at ___, 2024 WL 2484448, at *1. *Miller* controls the outcome of this appeal.

It is undisputed that section 147.140 applies to this medical malpractice action. According to the plaintiffs' petition, Dr. Amareshwar Chiruvella performed abdominal surgery on Shirley Gomez at the Mercy Medical Center in Clinton on September 4, 2020. Dr. Chiruvella provided follow-up care in the weeks after her surgery. On September 16, Gomez suffered a fatal pulmonary embolism. On August 26, 2022, her estate and her three daughters filed this civil action against Mercy and Dr. Chiruvella alleging negligence in the surgical and post-surgical care of Gomez. The plaintiffs timely served separate certificates of merit against each defendant signed by Dr. Leo A. Gordon, a board-certified general surgeon. Neither certificate contained a jurat nor was there any indication that Dr. Gordon had signed under oath. Furthermore, neither certificate included a declaration that he signed under penalty of perjury.

The defendants filed a motion to dismiss on grounds that Dr. Gordan's unsworn signatures on the certificates failed to comply with Iowa Code section 147.140. The plaintiffs resisted, arguing that Dr. Gordon's certificates substantially complied with section 147.140 because both certificates began with the phrase that he "affirms and states as follows" and were signed by him. The defendants replied that without an oath or declaration that he signed under

penalty of perjury, his unsworn signature did not substantially comply with the statute's affidavit requirement. The district court conducted an unreported hearing on April 4, 2023. On May 1, the court entered its ruling denying the defendants' motion to dismiss, stating that "the Certificates of Merit served by the Plaintiffs in this matter were in substantial compliance with Iowa Code § 147.140." The district court did not have the benefit of our decision in *Miller*.

We granted the defendants' application for interlocutory appeal and retained the case. We had already granted an interlocutory appeal in *Miller* to review rulings by another district court judge denying dispositive motions under section 147.140 on grounds that the expert's unsworn signature substantially complied with the statute. On May 24, 2024, we filed our opinion in *Miller*, holding that the expert's unsworn signature on the certificate of merit did not substantially comply with the statute's affidavit requirement. ___ N.W.3d at ___, 2024 WL 2484448, at *6. We observed that the oath, like the declaration under penalty of perjury, "bind[s] the conscience of the person and emphasizes the obligation to be truthful." *Id.* at ___, 2024 WL 2484448, at *6 (quoting *State v. Carter*, 618 N.W.2d 374, 378 (Iowa 2000 (en banc)). We determined that we "are not at liberty to eliminate the requirement that the expert sign the certificate of merit under oath when the governing statute uses the term 'affidavit' six times." *Id.* at ___, 2024 WL 2484448, at *6. And we concluded that "[a] contrary holding would undermine many Iowa statutes requiring sworn statements or verifications." *Id.* at ___, 2024 WL 2484448, at *6. We reversed the district court rulings in *Miller* for the reasons thoroughly explained in that decision and remanded that case for entry of an order dismissing that medical malpractice action with prejudice. *Id.* at ___, 2024 WL 2484448, at *7. Stare decisis dictates the same result here.

Accordingly, we reverse the district court's ruling that denied the defendants' motion to dismiss, and we remand this case for entry of an order dismissing this action with prejudice pursuant to section 147.140(6) and *Miller*.

**REVERSED AND REMANDED.**

This opinion shall not be published.